IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VONDA JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| vs. | ) |
| | ) |
| MCDONALD'S, USA, LLC | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) (Electronically filed) |

## COMPLAINT IN CIVIL ACTION

AND NOW COMES Vonda Jackson, by her attorneys, Helen R. Kotler, Esquire and David F. Weiner, Esquire, and states as follows:

## NATURE OF ACTION

Plaintiff Vonda Jackson, by and through her attorneys Helen R. Kotler, Esq. and David F. Weiner, Esq. brings this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Vonda Jackson, who was adversely affected by such unlawful employment practices while employed by Defendant McDonald's Corporation. ("McDonald's") As alleged with greater particularity in paragraphs below, Plaintiff alleges she was openly sexually harassed and also stabbed by a McDonald's manager, no prompt effective action was taken to protect her, that she was retaliated against after complaining, and that she was constructively discharged, all of which caused her to suffer physical and emotional damages, lost wages, and a violation of her statutory rights.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451,1331,1337,1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Further, pendent jurisdiction accrues pursuant to the Pennsylvania Human Relations Act, 43 P.S. §§951, et seq. and other common law actions.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff is an individual residing in the Western District of Pennsylvania.

4. Plaintiff began to work for McDonald's Corporation at its location at 505 Smithfield Street in Pittsburgh, Pa since on or around August 4, 2003.

5. At all relevant times mentioned herein, Defendant McDonald's Corporation has continuously been doing business in the Commonwealth of Pennsylvania and the City of Pittsburgh, and has continuously had at least 15 employees.

6. At all relevant times mentioned herein, Defendant McDonald's Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. Plaintiff filed timely complaints with the Pennsylvania Human Relations Commission ("PHRC") which were dually filed with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the Pennsylvania Human Relations Act which were also violations of Title VI, as amended, by Defendant McDonald's Corporation. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2003 and continuing, Defendant Employer McDonald's Corporation has

engaged in unlawful employment practices at its Pittsburgh, Pennsylvania Smithfield Street location in violation of & §703(a)(I) of Title VII, 42 U.S.C. § 2000e-2(a)( I) and the Pennsylvania Human Relations Act, by subjecting Plaintiff to a sexually hostile and dangerous work environment directed at her by an assistant store manager, Glenn Almon, who was aided and abetted by the store manager, Mike Pihony, who ignored the open harassment by Almon and occasionally engaged in the harassment himself.

9. Initially Almon seemed friendly but with the passage of time after her hire, Almon's conduct became crude and demeaning and physically assaultive toward Plaintiff over several years.

10. The unlawful employment practices engaged in by McDonald's through it's managers include, but are not limited to, the following:

    a. Almon engaged in a course of crude sexual and derogatory remarks directed at Plaintiff;

    b. Almon slapped or hit Plaintiff on the buttocks with his hand or various objects;

    c. In late June 2006, Almon stabbed Plaintiff with a meat thermometer in the buttocks, wounding her, when she ignored his remarks;

    d. Almon touched Plaintiff's breasts, crotch and buttocks;

    e. Almon chased Plaintiff around the store with a broom;

    f. Almon grabbed Plaintiff's arms;

    g. Almon called Plaintiff by rude terms such as "bitch;"

    h. Almon persistently asked Plaintiff if he could come to her house;

    i. Almon had a history of making crude derogatory remarks to other women and at least one of them complained previously of his conduct;

j. Almon publically acted as if he and Plaintiff were in a consensual relationship which they were not;

k. Almon rubbed his penis against Plaintiff's buttocks;

l. Almon appeared angry and jealous with any interactions between Plaintiff and other employees so that he would publically yell at her or criticize her;

m. Pihony made a crude comment to Plaintiff attributing spilled yogurt to Almon's semen implying a sexual relationship between Almon and Plaintiff when none existed;

n. Pihony saw and/or heard Almon's open actions toward Plaintiff and toward other females but took no action;

11. Although Plaintiff and other female employees complained of the harassment to Defendant Employer McDonald's Corporation and although the harassment was openly engaged in with Plaintiff, no prompt effective remedial action was taken and Plaintiff was retaliated against, as described below.

12. After Almon stabbed and wounded her, Plaintiff, who was extremely upset, complained immediately to Pihony and complained again in July 2006 to others at Defendant Employer McDonald's Corporation of the unlawful harassment and the stabbing after which Defendant Employer McDonald's Corporation purported to undertake an investigation by a member of its Human Resources staff.

13. The Human Resources official prepared a statement and required Plaintiff, who has some difficulty with reading, to sign it but McDonald's refused at that time, and thereafter to the present time, to provide a copy of the statement so that Plaintiff could obtain help in reviewing it for accuracy all of which was disturbing to her.

14. After the stabbing, which occurred around June 28, 2006, McDonald's required Plaintiff to continue to report to and work with Almon into around November 2006 after which, based on information and belief, Defendant promoted Almon and moved him to another site, only after Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") , dually filed with the Equal Employment Opportunity Commission and which was served by the PHRC around October 16, 2006.

15. Defendant McDonald's failed to properly hire, retain, and supervise its managers so as to not engage in sexual harassment, to allow open sexual harassment to continue, to recognize and allow a sexually hostile workplace environment, and to improperly retain managers who engaged not only in sexual harassment but in assault and battery.

16. McDonald's failed to post information to enable Plaintiff to quickly and effectively complain of harassment to McDonald's officials who were at a higher level than in the Smithfield Street store.

17. After she complained about the harassment, Plaintiff was subjected to unwarranted scrutiny of her job performance and unfair adverse work assignments in retaliation for her complaint about the unlawful sexual harassment by Almon.

18. At a fact-finding at the PHRC, Defendants told Plaintiff that she would not have to work with Almon again, but in spite of this, on or around March 16, 2007, she learned that Almon had been assigned to work at the Smithfield Street store for the day of the St. Patrick's day parade on March 17, 2007, a day when she was also scheduled to work.  Thereafter, Plaintiff was unable to work at Defendant corporation.

19. Defendant Employer McDonald's Corporation constructively terminated Plaintiff on March 16, 2007 when it failed to stop Almon from returning to the Smithfield Street store when

5

he no longer worked there and then reassigned Almon to work at the Smithfield St. store, knowing that he had stabbed Plaintiff, and knowing of her distress and fear regarding her having to work for him.

20. Even after she left McDonald's, Almon continued to haunt Plaintiff who saw him drive around her home, as he apparently obtained her address then through his work at McDonald's.

21. Prior to Almon's stabbing of Plaintiff, he had been arrested, and was awaiting trial for two felony counts of aggravated assault and one count of misdemeanor on the two single assaults for which he had been charged.

22. Pihony, the store manager, knew of the aforesaid arrest for aggravated assaults during that time period.

23. Plaintiff filed a second Charge at the Pennsylvania Human Relations Commission which was dually filed with the Equal Employment Opportunity Commission ("EEOC") after her constructive discharge in March 2007 alleging additional discrimination and retaliation.

24. Plaintiff has received Dismissal and Notice of Rights forms from the EEOC on both Charges, wherein the EEOC has closed its files, and she timely files this suit.

25. As a result of the discrimination, harassment, and retaliation experienced by Plaintiff, she has suffered from post-traumatic stress disorder, anxiety, and depression, requiring her to obtain treatment and take medication.

**Count I**

**Title VII**

26. Plaintiff incorporates Paragraphs 1 through 25 as though fully stated herein.

27. The effect of the practices complained of in paragraphs 1-25 above has been to

deprive Plaintiff of equal employment opportunities and otherwise affect adversely her status as an employee because of her sex.

28. The effect of the practices complained of in paragraphs 1-25 above has been to deprive Plaintiff of equal employment opportunities and otherwise affect her status as an employee in creating a hostile work environment and because she engaged in protected activity under Title VII.

29. The unlawful employment practices complained of in paragraphs 1-25 above were intentional.

30. The unlawful employment practices complained of in paragraphs 1-25 above were intentional and done with malice or with reckless indifference to the federally protected rights of Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant Employer McDonald's Corporation, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, from retaliating against employees by terminating their employment, and any other employment practice which discriminates on the bases of sex and/or retaliation.

b. Order Defendant Employer McDonald's Corporation to institute and carry out policies, practices and programs which provide equal employment opportunities for women which eradicate the effects of its past and present unlawful employment practices.

c. Order Defendant Employer McDonald's Corporation to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

d. Order Defendant Employer McDonald's Corporation to institute and carry out

complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

  e. Order Defendant Employer McDonald's Corporation to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti- harassment: and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

  f. Order Defendant Employer McDonald's Corporation to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  g. Order Defendant Employer McDonald's Corporation to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 1-25 above, in amounts to be determined at trial.

  h. Order Defendant Employer McDonald's Corporation to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 1-25 above, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  i. Order Defendant Employer McDonald's Corporation to pay Plaintiff punitive damages for its malicious and reckless conduct described in paragraphs 1-25 above, in amounts to be determined at trial.

j. Order Defendant Employer McDonald's Corporation to pay attorneys' fees and costs

k. Grant such farther relief as the Court deems necessary and proper.

## Count II

### Pennsylvania Human Relations Act

31. Plaintiff incorporates paragraph 1 through 30 as fully set forth herein.

32. Plaintiff has met all of the jurisdictional requirements to filing this suit. More than a year has passed since Plaintiff filed her first charge with the Pennsylvania Human Relations Commission.

33. The effect of the practices complained of in paragraphs 1-25 above has been to deprive Plaintiff of equal employment opportunities and otherwise affect adversely her status as an employee because of her sex.

34. The effect of the practices complained of in paragraphs 1-25 above has been to deprive Plaintiff of equal employment opportunities and otherwise affect her status as an employee because she engaged in protected activity under the Pennsylvania Human Relations Act.

35. The unlawful employment practices complained of in paragraphs 1-25 above were intentional.

36. The unlawful employment practices complained of in paragraphs 1-25 above were done with malice or with reckless indifference to the rights of Plaintiff protected under the Pennsylvania Human Relations Act.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant Employer McDonald's Corporation, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, from retaliating against employees by terminating their employment, and any

other employment practice which discriminates on the bases of sex and/or retaliation.

  b. Order Defendant Employer McDonald's Corporation to institute and carry out policies, practices and programs which provide equal employment opportunities for women which eradicate the effects of its past and present unlawful employment practices.

  c. Order Defendant Employer McDonald's Corporation to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

  d. Order Defendant Employer McDonald's Corporation to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

  e. Order Defendant Employer McDonald's Corporation to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment: and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

  f. Order Defendant Employer McDonald's Corporation to make whole Plaintiff Jackson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  g. Order Defendant Employer McDonald's Corporation to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 1-25 above, in amounts to be determined at trial.

  h. Order Defendant Employer McDonald's Corporation to make Plaintiff whole by

10

providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 1-25 above, including emotional pain, suffering, depression, anxiety, post traumatic stress disorder, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

 i. Order Defendant Employer McDonald's Corporation to pay attorneys' fees and costs

 j. Grant such farther relief as the Court deems necessary and proper.

## COUNT III

### Intentional Infliction of Emotional Distress

37. Plaintiff incorporates Paragraphs 1 through 36, as though fully set forth herein.

38. While using the authority granted to him by Defendant, Almon sexually harassed, stabbed and wounded Plaintiff for reasons personal to himself.

39. The conduct of Defendant was outrageous in character, extreme in degree, was atrocious, utterly intolerable in a civilized society, and beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society, as follows:

 a. In acting through its managers to acquiesce and participate in the sexual harassment of Plaintiff by ignoring the openly humiliating and disgraceful conduct of Almon all of which led to her being stabbed;

 b. In requiring Plaintiff to continue to report to Almon after she was stabbed by him and reported feeling great distress;

 c. In retaliating against Plaintiff after she reported the harassment and stabbing;

 d. In scheduling Almon to come again to the Smithfield Street store after she filed a charge of discrimination so that Plaintiff would again have to report to him and/or work with him when Defendant knew that Plaintiff was suffering from distress from the events

Case 2:05-mc-02025-DSC Document 849 Filed 06/17/2008 Page 12 of 12

described herein.

40. At all times relevant hereto, Defendant and its agents and employees knew distress by Plaintiff was certain or substantially certain if the actions asserted in the foregoing, but Defendant acted recklessly in deliberate disregard of a high probability that said emotional distress would follow.

41. Further, Defendant violated a duty of care to protect Plaintiff from an unreasonable risk of bodily harm including harm that resulted from fright or other emotional disturbances it knew or should have known would result from ongoing fear of further physical assault, particularly after the actions of Defendant made it clear to all that Defendant had no interest in protecting Plaintiff.

42. As a result of the conduct of Defendant, Plaintiff suffered damages as set forth above which include humiliation, embarrassment, emotional distress, fear, anxiety, depression and post traumatic stress disorder resulting in physical and emotional symptoms, all requiring medical and psychological treatment now and for an undetermined time into the future.

WHEREFORE, Plaintiff seeks compensatory and punitive damages against Defendant plus interest and costs of suit as allowed.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint as permitted by law.

Respectfully submitted,

| S/David F. Weiner | S/Helen R. Kotler |
|---|---|
| David F. Weiner, Esquire | Helen R. Kotler, Esquire |
| Attorney for Plaintiff | Attorney for Plaintiff |
| | |
| PA ID# 18808 | PA ID# 23572 |
| Suite 660 U.S. Steel Tower | Suite 1110 Centre City Tower |
| 600 Grant Street | 650 Smithfield Street |
| Pittsburgh, PA 15219 | Pittsburgh, PA 15222 |
| Email address: dfweiner@prosuites.com | Email address: hrkotler@yahoo.com |
| Telephone: (412) 391-2857 | Telephone: (412) 281-6538 |
| FAX: (412) 261-2760 | FAX (412) 281-7625 |